UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LISA HOOPS, | ) |
|             Plaintiff, | ) Case No.: 2:15-cv-01421-GMN-CWH |
| vs. | ) |
| | ) **ORDER** |
| ROBERT ROTH, MD, | ) |
|             Defendant. | ) |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 18), filed by Defendant Robert Roth, MD ("Defendant"). Plaintiff Lisa Hoops ("Plaintiff") filed a Response, (ECF No. 21), and Defendant filed a Reply, (ECF No. 23).[1] For the reasons set forth herein, Defendant's Motion for Summary Judgment is **DENIED**.

I. **BACKGROUND**

This case arises out of an overtime compensation dispute between Plaintiff and her former employer. (Compl., ECF No. 1). Defendant is a corporation that transacts business under the trade name of Box Canyon Primary Care ("Box Canyon"). (*Id.* ¶ 9). Box Canyon is a medical practice offering patient care in the area of general medicine. (Pl.'s Resp. 3:5–7, ECF No. 21). Plaintiff worked at Box Canyon from 2007 to 2015 and was paid an hourly rate of $18.00. (Compl. ¶¶ 7, 9).

---

[1] Plaintiff additionally filed a Motion to Strike Exhibit A to Defendant's Motion for Summary Judgment and the portions of Sharon Cagnina's Declaration that rely on this document. (Mot. to Strike, ECF No. 22). Exhibit A includes numerous pages of "Phone Records." (Phone Records, Ex. A to Def.'s MSJ, ECF No. 18). According to Plaintiff, this document is unauthenticated and therefore inadmissible for purposes of summary judgment. (Mot. to Strike 3:10–12). In Response, Defendant filed a verification of authenticity from AT&T's custodian of record, as well as an affidavit from Sharon Cagnina attesting that her declaration was made based on her review of the records. (ECF No. 24). Plaintiff did not file a reply challenging the sufficiency of this authentication. Accordingly, and in accordance with the rules of evidence, the Court finds the phone records are properly authenticated business records for purposes of this motion for summary judgment. Fed. R. Evid. 803(6). The Court **DENIES** Plaintiff's Motion to Strike.

During this time, Defendant started a 24/7 hotline, wherein certain MGM Direct Care Plan and Humana Gold patients could call at any time to speak to a representative of Box Canyon (the "24/7 Hotline"). (*See* Cagnina Decl. ¶ 2, Ex. 1 to Def.'s MSJ, ECF No. 18-1).  As the "Patient Coordinator," Plaintiff was responsible for answering telephone calls that came in on the 24/7 Hotline after ordinary business hours. (Pl.'s Resp. 3:14–19).  While Plaintiff does not dispute that Defendant paid her for overtime hours worked in the office, she alleges that Defendant failed to compensate her for any hours worked outside of the office involving the 24/7 Hotline. (Compl. ¶ 20).  In contrast, Defendant argues that it compensated Plaintiff through agreed upon "surplus" payments stemming from the 24/7 Hotline Program. (*See* Cagnina Decl. ¶ 4, Ex. 1 to Def.'s MSJ).

On July 28, 2015, Plaintiff filed a Complaint alleging two causes of action: (1) violation of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 207; and (2) violation of N.R.S. 608.040. (Compl. ¶¶ 6–22).  Defendant filed an Answer on August 24, 2015, denying that it owes Plaintiff any overtime compensation. (Answer, ECF No. 7).  On May 5, 2016, Defendant filed the instant Motion for Summary Judgment on both of Plaintiff's claims. (ECF No. 18).

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th

Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual

data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.  DISCUSSION

### 1.  The FLSA Claim

The FLSA was created to provide a uniform national policy of guaranteeing compensation for all work or employment covered by the act. *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 741 (1981).  The FLSA grants individual employees broad access to the courts and permits an action to recover minimum wages, overtime compensation, liquidated damages, or injunctive relief. *Id.* at 740.  Under the FLSA, an employer must pay overtime compensation to its employees unless one or more of the "exemptions" apply. *See* 29 U.S.C. § 213.  Overtime compensation must be issued "at a rate not less than one and one-half times the regular rate at which [a person] is employed." 29 U.S.C. § 207(a)(1).

Here, Defendant does not claim that Plaintiff's position was exempt from overtime pay requirements. (Interrogatory No. 4, Ex. 4 to Pl.'s Resp., ECF No. 21-4).  Rather, Defendant's Motion is based on two arguments: (1) Plaintiff worked far less overtime hours than she represented in her Complaint; and (2) the $34,425.15 Defendant provided to Plaintiff as "Proceed Payments" covered any money owed to her for overtime compensation. (Def.'s MSJ 11:14–17).

### *a)  Proceed Payments as Overtime Compensation*

According to Defendant, "[Plaintiff] received adequate compensation for any and all time she spent answering the 24/7 Hotline by way of the Proceed Payments." (*Id.* 8:6–7). Specifically, Defendant asserts that Plaintiff was paid "4% surplus quarterly payments" based on the incentive bonus that Box Canyon received for running the 24/7 Hotline. (*See id.* 3:12–15). In total, this scheme amounted to $34,425.12 in "additional compensation" to Plaintiff. (*Id.*). Defendant claims that Plaintiff agreed to this compensation as her full and final payment for the work related to the 24/7 Hotline. (*See* Cagnina Decl. ¶ 5, Ex. 1 to Def.'s MSJ).

In contrast, Plaintiff asserts that the "Proceed Payments" were a discretionary bonus and unrelated to any overtime compensation. (Pl.'s Resp. 13:6–8). According to Plaintiff, these bonuses were sporadic and "not paid for certain quarters." (*Id.* 12:19–20). Plaintiff contests the existence of any agreement to accept the Proceed Payments in lieu of hourly overtime pay. (*Id.* 12:5–10).

Despite the above factual discrepancies, Defendant argues that it was entitled as a matter of law to compensate Plaintiff through the Proceed Payments rather than hourly overtime pay. (*See* Def.'s MSJ 8:5–7). As the sole basis for this argument, Defendant cites to a single District Court case from Illinois, which allegedly found that "overtime pay can be paid in a variety of ways, such as commission payments." (*Id.* 9:9–10); *see also Barker v. Quick Test, Inc.*, 2016 WL 1019708 (N.D. Ill. Mar. 15, 2016). Defendant mischaracterizes the Illinois court's ruling. In *Barker*, the issue was whether commissions count towards an employee's regular hourly wage, thereby affecting the overtime compensation calculation. *Barker*, 2016 WL 1019708, at *10. The *Barker* ruling did not comment on whether additional separate compensation negates the requirement to pay hourly overtime wages.

As a general rule, the Supreme Court has noted that "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purpose' of the statute . . . ."

*Barrentine*, 450 U.S. at 740.  The FLSA does, however, permit employers to credit certain types of extra compensation toward overtime compensation. 29 U.S.C. § 207(h).  Notably, these include "premium hourly rates" paid to employees that exceed the required one and one-half times rate. *See* 29 U.S.C. § 207(e).  The FLSA makes no mention of ancillary agreements in lieu of hourly overtime compensation.

Given the foregoing, Defendant's argument based on the Proceed Payments falls well short of its burden for summary judgment.  In this case, there is a clear issue of material fact as to whether Plaintiff agreed to accept the Proceed Payments in lieu of hourly overtime compensation. *See C.A.R. Transp. Brokerage Co.,* 213 F.3d at 480.  Furthermore, even to the extent this agreement *did* exist, Defendant has provided effectively zero legal authority to support such an agreement's validity under the FLSA.  The Court therefore rejects Defendant's argument.

### b)  Amount of Overtime Hours

Defendant spends considerable time discussing the amount of overtime hours that Plaintiff allegedly worked.  Per the Complaint, Plaintiff estimates that she received 7,020 telephone calls outside of regular business hours and worked "not less than 1,755 hours" responding to these calls. (Compl. ¶¶ 17, 18).  Defendant, meanwhile, points to AT&T phone records that indicate that Plaintiff received only 1,613 calls and worked roughly 80.65 hours. (*See* Def.'s MSJ 4:8–14).  In her response, Plaintiff asserts that the amount of time on the phone does not reflect the amount of time actually worked. (Pl.'s Resp. 11:13–18).  Specifically, Plaintiff claims that she also "needed to call (and wait for a return call from) Dr. Roth; research the patient's history; research pharmaceutical reactions; call in prescriptions to local pharmacies; prepare and/or amend patient charts; review lab tests and radiological tests; and enter data into the company-issued laptop." (*Id.*).

Here, the record clearly establishes that Plaintiff worked a non-zero number of overtime hours. In fact, Defendant concedes as much in its Motion. (Def.'s MSJ 10:21–22) ("At most, [Plaintiff] is only entitled to the amount of calls substantiated by the phone records and time sheets produced by Box Canyon, which were paid by the Proceed Payments."). The exact number of overtime hours that Plaintiff worked raises a genuine issue of material fact to be decided by a jury. Accordingly, the Court finds summary judgment on the FLSA claim to be inappropriate.

### 2. The N.R.S. 608.040 Claim

Nevada law provides a penalty on employers for failing to pay a discharged or quitting employee:

> If an employer fails to pay: [o]n the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged until paid or for 30 days, whichever is less.

Nev. Rev. Stat. § 608.040(1)(b). Plaintiff alleges in her Complaint that because Defendant "failed to properly compensate [her] for all overtime work as required by law, [Defendant] did not pay [Plaintiff] all of the wages and compensation due and owing" upon cessation of her employment. (Compl. ¶ 28).

Here, Defendant raises the same arguments in favor of summary judgment as discussed above. Plaintiff's Nevada law claim is clearly tied to the success of her first claim. Because the Court found that a genuine issue of material fact remains as to Plaintiff's first claim, there can be no resolution at this time as to Plaintiff's second claim.

### IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, (ECF No. 18), is **DENIED**.

1  **IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, (ECF No. 22), is
2  **DENIED**.
3  **IT IS FURTHER ORDERED** that the parties shall file their Joint Pretrial Order by
4  April 28, 2017.

6  **DATED** this __31__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge